IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DIANE HIRRAS, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-01411-FB |
| | § | |
| vs. | § | |
| | § | |
| WAL-MART STORES, INC., | § | |
| WALMART STORES TEXAS, LLC, | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the following dispositive motions: Defendant Wall-Mart Stores, Inc.'s Motion to Dismiss for Failure to State a Claim in Plaintiff's Second Amended Complaint [#23]; Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [#24]; and Defendant Walmart Stores Texas, LLC Incorrectly Named Wal-Mart Stores, Inc.'s Motion for Summary Judgment [#25]. All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#27]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant Wall-Mart Stores, Inc.'s Motion to Dismiss for Failure to State a Claim in Plaintiff's Second Amended Complaint [#23] be **GRANTED**; Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [#24] be **DISMISSED AS MOOT**; and Defendant Walmart Stores Texas, LLC Incorrectly Named Wal-Mart Stores, Inc.'s Motion for Summary Judgment [#25] be **GRANTED**.

## I.  Background

Plaintiff Diane Hirras originally filed this action in the 166th Judicial District Court of Bexar County, Texas, against Defendant Wal-Mart Stores, Inc., regarding injuries she sustained while walking on the premises of a Walmart store located in San Antonio, Texas.  (Orig. Pet. [#1-3] at 1–6.)  Wal-Mart Stores, Inc., removed the case to this Court on the basis of diversity jurisdiction.  (Notice of Removal [#1].)  After removal, Hirras filed her First and then Second Amended Complaint, which remains the live pleading.  (Second Am. Compl. [#16].)  The Second Amended Complaint names Walmart Stores Texas, LLC ("Walmart Stores Texas"), as the sole Defendant, and notes in the caption and body of the Complaint that the Defendant was previously incorrectly named as Wal-Mart Stores, Inc.  The Complaint asserts negligence against Walmart Stores Texas, LLC.

Wal-Mart Stores, Inc., has moved for dismissal of all of Hirras's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Hirras voluntarily removed it as a Defendant from the Second Amended Complaint and the Complaint therefore does not assert or state any claims against it.  Wal-Mart Stores, Inc., in an abundance of caution, also filed a motion for summary judgment, arguing that there is no evidence to support Hirras's theory of negligence.  Walmart Stores Texas has moved for summary judgment on the same grounds.  For the reasons that follow, the Court should grant Wal-Mart Stores, Inc.'s motion to dismiss, dismiss as moot Wal-Mart Stores, Inc.'s motion for summary judgment, and grant Walmart Stores Texas's motion for summary judgment.

## II.  Wal-Mart Stores, Inc.'s Motion to Dismiss

Wal-Mart Stores, Inc. moves the Court to dismiss Hirras's claims, on the basis that she voluntarily dismissed it from the lawsuit when she filed her Second Amended Complaint.  The

motion indicates that Hirras did not respond to Wal-Mart Stores, Inc.'s request that she file a stipulation of dismissal to clarify the parties to this suit, which necessitated the filing of the motion.  The Court's review of the pleadings and other filings indicate that Wal-Mart Stores, Inc., should be dismissed from this lawsuit.

Hirras's Second Amended Complaint names only one Defendant—Walmart Stores Texas, LLC, a foreign for-profit corporation, "incorrectly named Wal-Mart Stores, Inc." (Second Am. Comp. [#16] at 1.)  There is no reference to Wal-Mart Stores, Inc., anywhere in the Complaint, and Hirras's causes of action specifically refer to Walmart Stores Texas, LLC, alone.  (*Id.* at 2.)  Hirras has also not filed a response in opposition to Wal-Mart Stores, Inc.'s motion to dismiss or motion for summary judgment.  Any response to the motions was due on or before November 16, 2021, under this Court's Local Rules.  *See* W.D. Tex. Loc. R. CV-7(e) (responses to dispositive motions due within 14 days of the filing of the motion).

In light of the clear removal of Wal-Mart Stores, Inc., from Hirras's Second Amended Complaint and the lack of any response to the two dispositive motions on file, the Court should grant Wal-Mart Stores, Inc.'s motion to dismiss and dismiss its motion for summary judgment as moot.

### III. Walmart Stores Texas, LLC's Motion for Summary Judgment

Walmart Stores, Texas, LLC (hereinafter "Walmart") moves for summary judgment, arguing that there is no evidence to support Hirras's theory of negligence.  The motion should be granted.

### A.    Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174. However, if the party moving for summary judgment fails to satisfy its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

## B.    Summary Judgment Record

Walmart offers only one piece of evidence in support of its motion for summary judgment—three pages from Hirras's deposition. (Hirras Dep. [#25-1] at 1–6.) In response, Hirras offers the entire deposition into evidence, as well as video evidence of the incident

underlying this case.  (Hirras Dep. [#26-1] at 1–64.)  This evidentiary record establishes the following undisputed facts regarding the incident underlying this lawsuit.

On November 5, 2017, Hirras was visiting a Walmart in San Antonio, Texas, to buy some produce from the grocery department.  (Hirras Dep. [#26-1] at 7:1–16, 11:1–3.)  After grabbing broccoli and carrots, she was walking fast, wearing flip-flops, and she slipped.  (*Id.* at 14:2–15:10; Video [#26-2].)  She caught herself mid-air and landed on her feet, but the force of her landing made it feel as if her back "went out," so she sat down.  (Hirras Dep. [#26-1] at 14:2–15:10, 25:17–19, 33:3–25; Video [#26-2].)  After she sat down, she tried to stand up, but felt a shooting pain up her back and tailbone, so she sat back down and waited for assistance.  (Hirras Dep. [#26-1] at 15:4–10, 19:17–20; Video [#26-2].)  Hirras eventually was able to move to her hands and knees, and several employees arrived to assist her.  (Hirras Dep. [#26-1] at 20:8–24; Video [#26-2].)  She was ultimately able to stand up on her own.  (Hirras Dep. [#26-1] at 22:2–7; Video [#26-2].)

One of the employees who came to assist Hirras was the responding assistant manager, Sunshine.  (*Id.* at 23:1–6.)  Immediately after the incident, Hirras and Sunshine went to the Subway in the store to sit down and talk about what had happened.  (*Id.* at 24:7–18.)  During their meeting, Hirras told Sunshine she believed she had slipped and fallen in a puddle.  (*Id.* at 24:16–21.)  Hirras provided Sunshine with a written statement in which she described the incident as follows: "slipped in water, caught myself.  My ankle and tailbone hurt.  In produce."  (*Id.* at 28:20–21.)  After the meeting with Sunshine, Hirras was able to walk to her vehicle and drive home without assistance.  (*Id.* at 43:21–23.)  After Hirras left the scene, Walmart employees cleaned up the area, wiping the floor with rags or paper towels.  (Video [#26-2].)

During her deposition, Hirras read her response to an interrogatory regarding the factual details of the incident. (Hirras Dep. [#26-1] at 32:10–24.) Her response stated, "I was shopping in the produce section of the store around 1:32 in the afternoon. I slipped and fell because of water on the floor. When I was able to get up, I was wet from the floor. There was [sic] no warning signs anywhere in the area and no employee verbally warned me." (*Id.*) In another interrogatory response, Hirras complains of injuries to her back and shoulder as a result of the incident. (*Id.* at 35:19–21.) She clarified in her deposition that her ankle was slightly twisted when she slipped but did not require any medical attention. (*Id.* at 36:6–12.) Although Hirras explained in her deposition that her shoulder injury was as a result of falling two years after the incident, she seeks to hold Walmart responsible for this injury because she believes the fall was due a side effect from the epidural steroid injections she was receiving for back pain associated with the original fall at Walmart. (*Id.* at 37:1–24.)

## D.    Analysis

Again, Hirras's Second Amended Complaint accuses Walmart of negligence. (Second Am. Compl. [#16] at 2–3.) Hirras's pleading contains headings referencing negligence, premises liability, and *res ipsa loquitur*. (*Id.*) Walmart moves for summary judgment, arguing the summary judgment record establishes that there is no genuine issue of material fact and Hirras's claims fail as a matter of law. Walmart argues that Hirras's ordinary negligence claim is precluded because her claim is based on a premises condition and not a negligent activity. Walmart argues that Hirras's premises-liability claim fails as a matter of law because there is no evidence that Walmart had actual or constructive knowledge of a liquid substance on the floor where Hirras slipped. The Court should grant the motion.

i.   <u>This is a premises-liability case.</u>

As a preliminary matter, Hirras does not respond specifically to Walmart's argument that her only available claim is a claim based on a theory of premises liability. But her response appears to concede as much, as it only cites law governing premises-liability claims. Additionally, the Court has carefully reviewed Hirras's pleading and does not construe it as attempting to plead two alternative theories of relief. Although Hirras's live pleading contains multiple headings, one for negligence, one for premises liability, and one for *res ipsa loquitur*, these sections do not plead different theories of liability. Rather, Hirras alleges consistently that Walmart failed to warn her of a dangerous condition; to maintain the property in a clean, safe condition; to properly mark the dangerous condition; and to use ordinary care to prevent injury from the dangerous condition. (Second Am. Compl. [#16] at 2–3.) In doing so, Hirras makes clear that she was an invitee on the premises owned and maintained by Walmart for the purpose of buying goods that Walmart provided and that Walmart should have known the floor was unreasonably dangerous—i.e., that this is a premises-liability case. (*Id.*)

The cases cited by Walmart in support of dismissing Hirras's claim of "ordinary negligence" both involve an attempt to alternatively plead a claim based on premises liability (a failure to reduce or eliminate a dangerous condition) and a negligent activity (creating a risk by negligently conducting a specific activity). *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."); *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992) (limiting plaintiff to premises liability theory where petition alleged injury by a condition of the premises—a

puddle of water, chicken blood, and other fluids accumulating on the floor).[1]  Hirras does not allege that she was injured because Walmart negligently conducted a specific activity.  Her Second Amended Complaint advances solely a premises liability theory.  The Court need not dismiss any claim of "ordinary negligence," as requested by Walmart, because the Court does not construe the Complaint as pleading one, and will analyze Hirras's negligence claim based on the law governing premises liability.

ii.     Walmart is entitled to summary judgment on Hirras's premises-liability claim.

Walmart does not dispute that Hirras was its invitee.  As such, Walmart owed Hirras a duty to exercise reasonable care to protect her from dangerous conditions in the store known or discoverable to it.  *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).  To prevail on its premises-liability claim, Hirras must prove that (1) Walmart had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) Walmart did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm; and (4) Walmart's failure to use reasonable care to reduce or eliminate the unreasonable risk of harm proximately caused Hirras's injuries.  *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006).  Walmart argues it is entitled to summary judgment because Hirras cannot establish the first element—that it had actual or constructive knowledge of a condition on the premises that caused her injury.

Hirras's theory of her case is that she slipped because there was water or some other liquid on the floor.  (Hirras Dep. [#26-1] at 32:10–24.)  Accordingly, to prevail on her premises-

---

[1]  The parties agree that Texas law governs this diversity action.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010).

liability claim, she must prove that Walmart had actual or constructive knowledge of water or other wet substance on the floor.

Harris does not argue that Walmart had actual knowledge of any liquid on the floor in the store prior to Hirras slipping.  She seeks to hold Walmart liable for her injuries based on a theory of constructive notice.  To establish constructive knowledge in a slip-and-fall case, a plaintiff must prove that "it is more likely than not the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition."  *See Gonzalez*, 968 S.W.2d at 936.  "The rule requiring proof that a dangerous condition existed for some length of time before a premises owner may be charged with constructive notice is firmly rooted in [Texas] jurisprudence," and has been referred to as the "time-notice rule."  *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 815–16 (Tex. 2002).

What constitutes a reasonable time for a premises owner to discover a dangerous condition varies depending on the facts and circumstances presented, such as the proximity of the employee to the condition, the conspicuousness of the condition, and the length of time the condition existed.  *Brookshire Bros., Ltd. v. Aldridge*, 438 S.W.3d 9, 30 (Tex. 2014); *Reece*, 81 S.W.3d at 816.  The Texas Supreme Court has noted that temporal evidence is the best indicator of whether an owner had a reasonable opportunity to discover and remedy a dangerous condition.  *Reece*, 81 S.W.3d at 816.  "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover a dangerous condition."  *Id.*

Focusing on this temporal requirement, the Texas Supreme Court vacated a judgment following a jury trial in favor of a plaintiff who had slipped and fallen at a Wal-Mart on spilled macaroni, finding that there was no evidence that Wal-Mart had constructive notice of the

macaroni.  *Gonzalez*, 968 S.W.2d at 938.  The only evidence adduced at trial on the issue of notice was testimony by a witness that it "seemed like" the macaroni had been there "awhile" and that the macaroni had "a lot of dirt" and tracks through it.  *Id.*  The Texas Supreme Court held that this testimony was "of no evidentiary value," because it was merely the speculative, subjective opinion of the witness, who had not seen the macaroni prior to the fall and had no personal knowledge of the length of time it had been on the floor.  *Id.* at 937–38.  The plaintiff therefore could only prove that the macaroni "*could possibly* have been there long enough to make Wal-Mart responsible for noticing it," and not that it was "*more likely than not* that the macaroni salad had been there for a long time."  *Id.* at 938.

That the plaintiff's version of the facts is merely one possible interpretation of the evidence is not sufficient to support a finding of constructive notice.  In Texas, the "equal inference rule" prohibits a jury from inferring an ultimate fact from circumstantial evidence where the evidence "could give rise to any number of inferences, none more probable than another."  *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997) (internal citation and quotation omitted); *see also Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 265 (Tex. 2014) (discussing equal inference rule); *Burgan v. Kroger Tex., L.P.*, 3:15-CV-4081-G, 2016 WL 3595637, at *5 (N.D. Tex. July 5, 2016) (applying equal inference rule to find no evidence of constructive notice of puddle of water in premises-liability case where plaintiff merely theorized that puddle was created by ice or condensation, where multiple other sources were equally possible).

Applying these general principles to the context of this case, the Court should find that there is no evidence from which a jury could infer that Walmart had constructive notice of the water or other liquid substance that caused Hirras to slip.  Hirras's deposition testimony and the

video evidence in the record establish solely that there was a substance of some kind on the floor. They do not provide the factfinder with any temporal evidence regarding how long the substance was on the floor, evidence that is essential to impute constructive notice to Walmart of the allegedly dangerous condition.   *See Reece*, 81 S.W.3d at 816.   Hirras testified that she has no knowledge of how the wet substance came to be on the floor, that she did not see anyone spilling anything on the floor, that she does not know how long the substance was on the floor, and that there was no indication that any employee had seen the spill prior to her slipping.  (Hirras Dep. [#25-1] at 45:1–46:25.)

In her summary judgment response, Harris argues that it is significant that a Walmart employee told her the substance was water and that it would be cleaned up and that the video evidence depicts several employees using rags to clean the area after Hirras had left the scene. (*Id.* at 39:4–22; 42:11–14; Video [#25-2].)   Yet, this evidence only goes to the question of the nature of the substance that allegedly caused Hirras to slip, not whether it was there long enough that Walmart should have noticed it.

The video evidence is also ambiguous as to how and when the water appeared on the floor.  There is no visible substance on the floor at any point in the one hour of video prior to Hirras slipping.  The floor in the produce section is dark gray, and, even when the employees are wiping up the spill after the incident, the clear liquid is indiscernible.  Numerous customers walked back and forth across the very spot where Hirras slipped throughout the video prior to her incident without slipping or stopping to avoid any apparent spill.  Only two Walmart employees were in the vicinity of the site of Hirras's injury in the hour before the incident.  A manager walked through the produce section approximately 30 minutes before Hirras slips, inspecting and

straightening rows of vegetables.  Approximately 11 minutes prior to the incident, an employee restocked produce.

Hirras argues in her summary judgment response that the video evidence establishes that the employee stocking produce "no doubt created the dangerous condition" and shows constructive knowledge that there was a dangerous substance on the floor.  (Pl.'s Resp. [#26] at 4.)  Yet, any of the customers who passed through the area could have spilled the water.  Walmart specifically points to a customer carrying a grocery basket by hand, who walked by ten minutes prior to Hirras slipping and one minute after the Walmart employee finished stocking produce, as an equally plausible source of the spill.  Texas's equal inference rule prohibits the factfinder from inferring Walmart's constructive notice of the water based on the mere *possibility* that the water was spilled by the employee, when this inference is not any more probable than any other.  *See Edwards*, 958 S.W.2d at 392.

Courts have been particularly hesitant to find sufficient evidence of constructive notice where the substance causing a slip and fall is water, a substance that is clear and particularly inconspicuous.  *See, e.g.*, *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) ("Given the low visibility of the water and the evidence that the water was on the floor for five minutes, the Court concludes as a matter of law that Target did not have a reasonable opportunity to discover the water.").  "[I]f the dangerous condition is conspicuous as, for example, a large puddle of dark liquid on a light floor would likely be, then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it."  *Reece*, 81 S.W.3d at 816.  Here, there is no evidence that anyone saw a clear liquid on the dark gray floor of the Walmart where Hirras slipped or that establishes when and if any Walmart employee was in the proximity of the condition.  *Cf. Aldridge*, 438

12

S.W.3d at 30 (finding legally sufficient evidence of owner's constructive notice, when surveillance video depicts multiple employees walking past the area where the fall occurred just three and five minutes before the incident).

In circumstances similar to this case, the Fifth Circuit has held repeatedly that ambiguous video evidence is insufficient to infer the required temporal element of constructive notice:

> First, the video surveillance—which was recorded from the opposite end of the aisle where the accident occurred—lacks any visual evidence of the liquid substance on the floor. Similarly, the video footage does not evidence any other customers attempting to avoid the alleged hazardous area. To the contrary, as noted by the district judge, the area where Peterson fell was heavily trafficked and numerous customers are seen effortlessly traversing the area where Peterson fell. The source of the liquid is not discernable from the surveillance video: the video does not clearly show someone or something creating the wet substance or otherwise provide any indication as to the length of time the liquid substance remained on the floor prior to Peterson's slip and fall. We have considered similar ambiguous video evidence insufficient to infer the temporal element of constructive notice for purposes of summary judgment.

*Peterson v. Brookshire Grocery Co.*, 751 Fed. App'x 533, 537 (5th Cir. 2018) (affirming summary judgment in favor of defendant due to no evidence of constructive notice). *See also Taylor v. Wal-Mart Stores, Inc.*, 464 Fed. App'x 337, 339 (5th Cir. 2012) (same).[2] The same conclusion should be reached here, where the evidence merely establishes that there are many possibly sources of the dangerous condition and its temporal scope is unknown.

Hirras has failed to produce any evidence from which a factfinder could infer that Walmart had actual or constructive knowledge of water or other wet substance on the floor.

---

[2] Although both of these cases applied Louisiana, not Texas, law, both bodies of law require proof of actual or constructive notice of a dangerous condition in a premises-liability case and evaluate whether the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. *See White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Because this is an essential element of her premises-liability claim, Walmart is entitled to summary judgment.[3]

### IV.  Conclusion and Recommendation

Having considered the motions, responses, and replies thereto, the pleadings, the summary judgment record, and the governing law, the undersigned recommends the following:

- Defendant Wall-Mart Stores, Inc.'s Motion to Dismiss for Failure to State a Claim in Plaintiff's Second Amended Complaint [#23] be **GRANTED** and all claims against Defendant Wal-Mart Stores, Inc., be dismissed, as it is not a Defendant in this action.

- Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment [#24] be **DISMISSED AS MOOT**; and

- Defendant Walmart Stores Texas, LLC Incorrectly Named Wal-Mart Stores, Inc.'s Motion for Summary Judgment [#25] be **GRANTED** and summary judgment be entered in favor of Walmart Stores Texas, LLC, as to all of the claims asserted in this suit.

### V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file

---

[3] The Court notes that Hirras also pleads that Walmart is liable under the theory of *res ipsa loquitur*.  *Res ipsa loquitur* is a rule of evidence, not a rule of substantive law or a separate cause of action from negligence.  *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990).  Hirras cannot employ the doctrine to prove that Walmart had constructive notice of a dangerous condition.  *Spencer v. U.S.*, No. C-10-262, 2011 WL 3273052, at *8 (S.D. Tex. July 29, 2011) (collecting cases); *see also Hickmon v. Delta Airlines*, No. 3:96-CV-1260-D, 1997 WL 538753, at *2 n.5 (N.D. Tex. Aug. 26, 1997) (questioning whether doctrine would even apply in a premises-liability case, where a plaintiff still must prove actual or constructive notice).  Because Hirras has failed to raise a genuine issue of material fact on constructive notice, she also cannot pursue a theory of liability based on *res ipsa loquitur*.

the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of February, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE